David W. Fassett (DWF 1636)
ARSENEAULT WHIPPLE FASSETT & AZZARELLO, LLP
560 Main Street
Chatham, NJ 07928
(973) 635-3366
Attorneys for Plaintiff

RECEIVED

APR 26 2010

AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| ARBITTIER FARMS, INC.<br><br>Plaintiff<br><br>v.<br><br>PRYSLAK GROWERS, INC., a/t/a<br>PRYSLAK FARMS and<br>DENNIS PRYSLAK<br><br>Defendants | Civil Action No. 10-958 (FLW)(LHG)<br><br>ELECTRONICALLY FILED |

**ORDER TO SHOW CAUSE WHY DEFENDANTS
SHOULD NOT BE HELD IN CIVIL CONTEMPT**

THIS MATTER having come before the Court on Plaintiff's application, on notice to Defendants, for an Order directing Defendants to show cause why Defendants should not be held in civil contempt; and the Court having considered Plaintiff's submissions in support of this application; and it appearing that by Order to Show Cause with Temporary Restraints and without Notice filed February 24, 2010 ("the TRO"), the Court froze all assets of Defendant Pryslak Growers, Inc. a/t/a Pryslak Farms ("Pryslak Farms") except for payment to Plaintiff ("the Asset Freeze") [Doc. 4]; and it further appearing that by Order Entering Preliminary Injunction filed March 24, 2010 ("the PI Order"), the Court continued the Asset Freeze and ordered Defendants, among other directives, to turnover all funds to Plaintiff within two (2) business days of service

("the Turnover Directive") and to produce to Plaintiff's counsel various documents ("the Ordered Documents") within five (5) business days of service ("the Document Directive") [Doc. 6]; and it further appearing that Plaintiff's counsel served the PI Order on Defendants' counsel by electronic and regular mail on March 26, 2010; and it further appearing that Plaintiff's counsel subsequently informed Defendant's counsel on several occasions that Plaintiff would seek to hold Defendants in contempt unless Defendants produced the Ordered Documents to Plaintiff forthwith; and it further appearing that Defendants have failed to produce any of the Ordered Documents to Plaintiff; and it further appearing that, other than a single bank check in the amount of $3,880.63 which TD Bank issued to Plaintiff from Defendants' account in response to the PI Order, Defendants have failed to pay Plaintiff any monies since the Asset Freeze commenced on February 24, 2010; and for good cause shown;

IT IS on this 26th day of April, 2010,

**ORDERED** that the foregoing application be, and hereby is, GRANTED; and it is further

**ORDERED** that Defendants shall show cause before this Court on May 18, 2010 at 2 o'clock in the after noon why Defendants should not be held in civil contempt for violating the Asset Freeze, the Turnover Directive and/or the Document Directive ("the Contempt Hearing"); and it is further

**ORDERED** that Defendants shall file and serve any papers in advance of the Contempt Hearing by May 7, 2010; and it is further

**ORDERED** that Plaintiff shall file and serve any reply papers in advance of the Contempt Hearing by May 14, 2010; and it is further

**ORDERED** that Plaintiff shall serve a copy of this Order on Defendants by electronic and/or overnight mail by April 29, 2010.

_____
Honorable Freda L. Wolfson, U.S.D.J.